UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-158 (RJL) |
| : | |
| CHRISTOPHER A. JOHNSON, : | |
| : | |
| Defendant. : | |

**SENTENCING MEMORANDUM**

On August 1, 2006, Mr. Christopher Johnson, the defendant, pled guilty to count One of the Indictment charging him with Bank Robbery, in violation of 18 U.S.C. § 2113(a). He will appear before this Honorable Court for sentencing on October 13, 2006. Mr. Johnson, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

**Background**

Mr. Johnson was born in the Washington, D.C. metropolitan area and for the majority of his childhood he lived with grandparents who also resided in the Washington, D.C. area. His mother resided in South Carolina with Mr. Johnson's step-father, however Mr. Johnson would visit her and his siblings during the summer months. Therefore, Mr. Johnson was raised in an environment whereby it appeared that he was an only child. In addition, Mr. Johnson lived with his grandparents until he was nineteen years old. Mr. Johnson has faced many challenges in his life - from substance abuse issues to mental health issues.

Notwithstanding his controlled substances addiction and need for treatment, Mr. Johnson has a strong drive to succeed academically and professionally. Since his detention at the

Correctional Treatment Facility (C.T.F.), Mr. Johnson took a G.E.D. exam and is currently awaiting the results. He is also enrolled in the Drug Treatment Program at C.T.F., in addition to working at the facility.[1] Further, as stated in the Pre-Sentence Report, Mr. Johnson has maintained a variety of employment since 2002.

## Argument

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 46 to 57 months incarceration. There are no disputes to this calculation. In accordance with the plea agreement in this case, Mr. Johnson is not seeking to ask the Court to sentence him to less time in prison other than the low end of the guideline range. Therefore, Mr. Johnson requests that he be sentenced to 46 months imprisonment.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Mr. Johnson's request that he be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

---

[1] Attached is a letter from Mr. Johnson's Case Manager at CTF.

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of 46 months incarceration would be warranted in this matter, and that a sentence above the low-end of the calculated Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). The Court should consider Mr. Johnson's family history, educational pursuits, work history, minimal criminal history, his candid admissions regarding the instant offense, as well as various substance abuse issues and mental health challenges that Mr. Johnson has faced in his life. Further, the Court should consider the sum of restitution in this case - $1,100.00. The need to provide restitution to SunTrust Bank - the victim

in this case - shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Mr. Johnson.

Sentencing Mr. Johnson to a 46 month term of incarceration is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Johnson with needed educational or vocational training and medical care" while also allowing Mr. Johnson to repay SunTrust Bank for his wrongdoing.  See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Johnson respectfully submits that a sentence of 46 months incarceration is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500